UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CHRISTOPHER R. CLASS,

    Plaintiff,

v.

STATE OF KENTUCKY, et al.,

    Defendants.

No. 6:18-cv-323-REW

**OPINION & ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

*Pro se* Plaintiff Christopher Class challenges Kentucky's imposition of state taxes on his federal employment income. DE 1. Defendants[1] move to dismiss under Federal Rules 12(b)(1) and (6). DE 7.[2] The Court, on *sua sponte* review and for the following reasons, **DISMISSES** Class's complaint for lack of jurisdiction.

When testing *pro se* pleading sufficiency, the Court applies a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing legal claims toward encompassing a valid claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). Nonetheless, the Court's liberal construction obligation has limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). The Court will not "conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir.

---

[1] The Commonwealth and Kentucky Attorney General Andy Beshear.
[2] As explained below, the ultimate case outcome moots Defendants' motion, and thus the Court does not address its merits.

2001); *see also Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").

Affording Class the leniency due a *pro se* litigant, the Court construes Class's complaint as seeking a refund of his 2015 Kentucky income tax payment of $3,500 (plus 17% annual interest) based on alleged RICO violations. *See* DE 1 at 5-12.[3] Class also appears to seek a declaration that he (and other federal employees) owe no state income tax to the Commonwealth. *Id.* at 5, 12-13. None of Class's claims are properly before this Court.

Preliminarily, to the extent Class seeks any relief "on behalf of a class of people of similar circumstances," DE 1 at 13, "plaintiffs in federal court may not appear *pro se* where interests other than their own are at stake." *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) (internal quotation marks and citation omitted). Put another way, *pro se* litigants may not "try[ ] to assert the rights of others." *Id.* Thus, the Court rejects a class theory for structural reasons and turns to Class's individual claims.

The Court undoubtedly has an omnipresent "duty to consider [its] subject-matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *see also Pitt Exavating, LLC v. Pitt*, 603 F. App'x 393, 396 (6th Cir. 2015) ("This duty applies irrespective of the parties' failure to raise a jurisdictional challenge on their own, and if jurisdiction is lacking, dismissal is mandatory."). The Court, for several reasons, plainly lacks subject-matter jurisdiction

---

[3] Or perhaps only 1/3 of this amount. *See id.* at 12 ("2/3 goes back to the Department [of the] Treasury to pay towards the public debt and 1/3 to the injured party[.]").

in this case. *See, e.g.*, *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (explaining a "federal court lacks authority to hear a case without subject matter jurisdiction").[4]

Class repeatedly invokes diversity of citizenship. DE 1 at 2-3, 7. Section 1332 vests district courts with original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). This action does not satisfy either § 1332 predicate. The parties are not diverse—Class lists his address as Nancy, Kentucky, and identifies all three named Defendants as Kentuckians. And, less than $75,000 is disputed—Class seeks a refund of $3,500 along with 17% annual interest, beginning in 2015. DE 1 at 5, 9. Thus, § 1332 provides no federal jurisdictional hook for Class's suit.

Class also cites a myriad of federal statutes—perhaps in an effort to invoke federal question jurisdiction. Yet scattered references to federal statutes do not, alone, provide the Court federal question jurisdiction under 28 U.S.C. § 1331. *Arbaugh v. Y&H Corp.*, 126 S. Ct. 1235, 1244 n.10 (2006) ("A claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." (citation and quotation marks omitted)). For instance, Class cites 28 U.S.C. § 1340 as the jurisdictional basis for his suit. DE 1 at 3. While § 1340 does authorize federal district court jurisdiction in certain circumstances, Class entirely ignores that such jurisdiction is limited to actions "arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage[.]" 28 U.S.C. § 1340. Class founds his complaint (which addresses *state* tax collections) on RICO, DE 1 at 1, which falls outside § 1340's purview.

---

[4] Accordingly, the Court need not reach Defendants' sovereign immunity claims.

A RICO claim *may* provide a § 1331 jurisdictional basis. However, Class does not ultimately allege any discrete *act* of RICO "racketeering activity" by any Defendant. *See* 18 U.S.C. § 1961(1). Plaintiff references wire and mail fraud, *see* DE 1 at 5, and certainly, RICO's civil remedies provision, 18 U.S.C. § 1964, "provides a private right of action for treble damages to any person injured in his business or property by . . . a pattern of acts indictable as mail [or wire] fraud." *Bridge v. Phoenix Bond & Indem. Co.*, 128 S. Ct. 2131, 2138 (2008).[5] Yet, at bottom, Class simply claims that it is illegal for Kentucky to tax the income of federal employees because they "hold federal immunity from any suit or claim against any employee who operated within a scope of his office or employment." DE 1 at 7; *see also id.* at 11 (claiming that Kentucky's failure to comply with the "federal mandate of federal immunity . . . is waging war upon . . . federal government employees under piracy by pillage, plundering and looting.").[6] Class's attempt to wield the shield of immunity as a sword against the Commonwealth hardly amounts to a non-frivolous allegation of a scheme to defraud under the federal wire or mail fraud statutes. *See Neitzke v. Williams*, 109 S. Ct. 1827, 1831–32 (1989) (describing as "frivolous[,]" claims lacking "an arguable basis either in law or in fact"); *Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615, 624 (6th Cir. 2010)

---

[5] In turn, mail and wire fraud consist of:
> (1) a scheme or artifice to defraud; (2) use of the mails or interstate wire communications in furtherance of the scheme; and (3) intent to deprive a victim of money or property. *United States v. Turner*, 465 F.3d 667, 680 (6th Cir. 2006); *United States v. Daniel*, 329 F.3d 480, 485 (6th Cir. 2003). "A scheme to defraud is any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises." *United States v. Faulkenberry*, 614 F.3d 573, 581 (6th Cir. 2010) (internal quotation marks and alterations omitted).

*Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 264–65 (6th Cir. 2014).

[6] *See also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

("Dismissal for lack of subject-matter jurisdiction" may be based on federal-claim inadequacy if "the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." (citation and quotation marks omitted)).

Most importantly, and as a foundational flaw of the entire case, Class fails to address the most relevant federal statute: 28 U.S.C. § 1341. The Tax Injunction Act, divests, rather than bestows, jurisdiction on this Court. *See id.* ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."). The Act erects a "broad jurisdictional barrier," *see Moe v. Confederated Salish & Kootenai Tribes*, 96 S. Ct. 1634, 1640 (1976), and "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." *Tully v. Griffin, Inc.*, 97 S. Ct. 219, 222 (1976). The Act bars claims that a state tax is illegal or unconstitutional. *Id.* (finding that the Act prevented federal litigation of a claim that a New York state tax violated the Commerce, Due Process, and Equal Protection Clauses); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 378 (6th Cir. 1993) ("Th[e] exclusion of federal courts from the state taxation area is so far reaching it precludes federal courts from declaring state tax laws unconstitutional."). "[I]t is generally recognized that federal suits for state tax refunds are also barred by the Act." *Coleman v. Campbell Cnty. Library Bd. of Tr.*, 901 F. Supp. 2d 925, 929-30 (E.D. Ky. 2012) (collecting cases); *see also Northwest Airlines, Inc. v. Tennessee State Bd. of Equalization*, 11 F.3d 70, 73 (6th Cir. 1993) ("[T]here is a strong presumption against district court jurisdiction over claims seeking to enjoin state tax collection procedures.").

The Tax Injunction Act thus bars Class's challenges to Kentucky's taxation policy so long as the Commonwealth offers a plain, speedy, and efficient remedy. *See* 28 U.S.C. § 1341. While Class vaguely alludes to failed attempts at administrative relief, *see* DE 1 at 9-10, 12, Class does not allege that the state remedies are sluggish or inefficient. *See Colonial Pipeline Co. v. Morgan*, 474 F.3d 211, 218 (6th Cir. 2007) ("State procedures that call for an appeal to a state court from an administrative decision meet these minimal criteria." (citation and quotation marks omitted)). "A state remedy is plain, speedy and efficient if it provides the aggrieved party with a 'full hearing and judicial determination at which a taxpayer may raise any and all constitutional objections to the tax,' with ultimate review available in the United States Supreme Court." *Id.* (citation omitted).

Kentucky courts routinely resolve tax questions like those Class presents. For example, courts in the Commonwealth have resolved declaratory judgment actions based on constitutional attacks against state and city taxes. *See, e.g.*, *St. Ledger v. Revenue Cabinet, et al.*, 942 S.W.2d 893 (Ky. 1997) (resolving validity of state tax statutes); *City of Bromley v. Smith*, 149 S.W.3d 403 (Ky. 2004) (holding a city tax unconstitutional). Kentucky courts also have adjudicated tax-refund propriety. *See, e.g., Revenue Cabinet v. Gossum*, 887 S.W.2d 329 (Ky. 1994) (resolving plaintiffs' class action, which sought refunds of taxes paid pursuant to an unconstitutional statute). In short, Kentucky courts offer Class a plain, speedy, and efficient remedy. *See Coleman*, 901 F. Supp. 2d at 934 (rejecting argument that "Kentucky offers no adequate remedy"); *Cf. Colonial Pipeline Co.*, 474 F.3d at 218 ("The likelihood of plaintiff's success in the state court is not a factor to be considered when determining whether the jurisdictional prohibition of § 1341 applies." (citation and quotation marks omitted)); *Am. Landfill, Inc. v. Stark/Tuscarawas/Wayne Joint Solid Waste Mgmt. Dist.*, 166 F.3d 835, 837 n.1 (6th Cir. 1999) (declining to address adequacy of state remedy

where the party bearing the jurisdictional burden did not argue the point). In turn, the Tax Injunction Act bars this Court's consideration of Class's claims.

For these reasons and under the applicable standards, the Court **ORDERS** as follows:

1. The Court **DISMISSES** Class's complaint (DE 1);

2. The Court, given this result, **DENIES** all pending motions (DE 7, 15, 16 & 18) **AS MOOT**; and

3. The Court will enter a separate Judgment striking the matter from the active docket.

This 10th day of May, 2019.

Signed By:
*Robert E. Wier*  REW
United States District Judge