UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CHRISTOPHER R. CLASS,

    Plaintiff,

v.

STATE OF KENTUCKY, et al.,

    Defendants.

No. 6:18-cv-323-REW

**OPINION & ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

*Pro se* Plaintiff Christopher Class challenged Kentucky's imposition of state taxes on his federal employment income. DE 1. The Court, on *sua sponte* review, dismissed Class's complaint for lack of jurisdiction and entered judgment in favor of the Defendants. *See* DE 19 (Opinion & Order); DE 20 (Judgment). Class now objects to the dismissal pursuant to 5 U.S.C. § 702. *See* DE 21 (Motion to Object). The cited statute provides for review of agency acts, not district court judgments. *See* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."). However, given Plaintiff's *pro se* status, the Court will construe the filing as a motion to alter or amend under Rule 59(e). *See Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012) (describing liberal construction obligations).

The Sixth Circuit narrowly defines appropriate circumstances for Rule 59(e) relief. A movant must show: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Michigan Flyer, LLC v. Wayne County Airport Authority*, 860 F.3d 425, 431 (6th Cir. 2017). As the Court reads the filing, Class alleges 4 errors that are not simply restatements of his original claims. *See Sault Ste. Marie*

*Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."). He contends the Court erred: (1) in assuming that Class failed to exhaust his administrative remedies; (2) by minimizing the amount in controversy; (3) in assuming that Class could not successfully prove his claims before a jury; (4) and by finding the parties lacked complete diversity. *See* DE 21 at 1–4.

Plaintiff, again "and as a foundational flaw of the entire case, [failed] to address the most relevant federal statute: 28 U.S.C. § 1341." DE 19 at 5. Class failed to show any error in the Court's application of the Tax Injunction Act. This deficiency renders Class's pending attack on the Court's judgment entirely ineffective. For clarity, the Court reproduces the relevant discussion, in full:

> The Tax Injunction Act, divests, rather than bestows, jurisdiction on this Court. *See* [28 U.S.C. § 1341] ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."). The Act erects a "broad jurisdictional barrier," *see Moe v. Confederated Salish & Kootenai Tribes*, 96 S. Ct. 1634, 1640 (1976), and "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." *Tully v. Griffin, Inc.*, 97 S. Ct. 219, 222 (1976). The Act bars claims that a state tax is illegal or unconstitutional. *Id.* (finding that the Act prevented federal litigation of a claim that a New York state tax violated the Commerce, Due Process, and Equal Protection Clauses); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 378 (6th Cir. 1993) ("Th[e] exclusion of federal courts from the state taxation area is so far reaching it precludes federal courts from declaring state tax laws unconstitutional."). "[I]t is generally recognized that federal suits for state tax refunds are also barred by the Act." *Coleman v. Campbell Cnty. Library Bd. of Tr.*, 901 F. Supp. 2d 925, 929-30 (E.D. Ky. 2012) (collecting cases); *see also Northwest Airlines, Inc. v. Tennessee State Bd. of Equalization*, 11 F.3d 70, 73 (6th Cir. 1993) ("[T]here is a strong presumption against district court jurisdiction over claims seeking to enjoin state tax collection procedures.").
>
> The Tax Injunction Act thus bars Class's challenges to Kentucky's taxation policy so long as the Commonwealth offers a plain, speedy, and efficient remedy. *See* 28 U.S.C. § 1341. While Class vaguely alludes to failed attempts at administrative relief, *see* DE 1 at 9-10, 12, Class does not allege that the state remedies are sluggish or inefficient. *See Colonial Pipeline Co. v. Morgan*, 474 F.3d 211, 218 (6th Cir.

2007) ("State procedures that call for an appeal to a state court from an administrative decision meet these minimal criteria." (citation and quotation marks omitted)). "A state remedy is plain, speedy and efficient if it provides the aggrieved party with a 'full hearing and judicial determination at which a taxpayer may raise any and all constitutional objections to the tax,' with ultimate review available in the United States Supreme Court." *Id.* (citation omitted).

Kentucky courts routinely resolve tax questions like those Class presents. For example, courts in the Commonwealth have resolved declaratory judgment actions based on constitutional attacks against state and city taxes. *See, e.g.*, *St. Ledger v. Revenue Cabinet, et al.*, 942 S.W.2d 893 (Ky. 1997) (resolving validity of state tax statutes); *City of Bromley v. Smith*, 149 S.W.3d 403 (Ky. 2004) (holding a city tax unconstitutional). Kentucky courts also have adjudicated tax-refund propriety. *See, e.g., Revenue Cabinet v. Gossum*, 887 S.W.2d 329 (Ky. 1994) (resolving plaintiffs' class action, which sought refunds of taxes paid pursuant to an unconstitutional statute). In short, Kentucky courts offer Class a plain, speedy, and efficient remedy. *See Coleman*, 901 F. Supp. 2d at 934 (rejecting argument that "Kentucky offers no adequate remedy"); *Cf. Colonial Pipeline Co.*, 474 F.3d at 218 ("**The likelihood of plaintiff's success in the state court is not a factor to be considered when determining whether the jurisdictional prohibition of § 1341 applies.**" (citation and quotation marks omitted)); *Am. Landfill, Inc. v. Stark/Tuscarawas/Wayne Joint Solid Waste Mgmt. Dist.*, 166 F.3d 835, 837 n.1 (6th Cir. 1999) (declining to address adequacy of state remedy where the party bearing the jurisdictional burden did not argue the point). In turn, the Tax Injunction Act bars this Court's consideration of Class's claims.

DE 19 at 5–7 (emphasis added).

Class's only current claim bearing any resemblance to a dispute regarding TIA application is his exhaustion allegation. *See* DE 21 at 1–2. However, availability, not exhaustion of remedies is the relevant question for TIA purposes. *Cf. Colonial Pipeline Co.*, 474 F.3d at 218 (A plaintiff's relative likelihood of success in the state system is irrelevant "when determining whether the jurisdictional prohibition of § 1341 applies." (citation and quotation marks omitted)). Class did not and does not here challenge the speed or efficiency of Kentucky's remedial scheme.[1]

---

[1] Additionally, the Court notes that Class's claim that Kentucky "failed to comply with administrative process" does not amount to a dispute regarding the availability of state remedies. DE 21 at ¶ 7. When, as Class claims, a party has administratively exhausted, the Commonwealth provides for state court review. *See, e.g.*, KRS 13B.140 ("A party may file a petition for judicial review only after the party has exhausted all administrative remedies[.]").

3

Because the motion provides no reason to call the Court's prior dismissal into question, the Court **DENIES** DE 21.

This 17th day of June, 2019.

Signed By:
Robert E. Wier
United States District Judge